WILLIAM WIGGINS *v.* WILLIAM JOHNSON, ET AL.

Principal and Surety—Agreement to Forbear Without Consent of
Sureties.
>    Any valid agreement by which a creditor agrees to forbear to sue
>    the principal for any appreciable time after the debt falls due, if
>    made without the consent of those bound for the debt as sureties, and
>    with a knowledge that they are sureties, will discharge them.

APPEAL FROM ROBERTSON CIRCUIT COURT.

September 17, 1878.

OPINION BY JUDGE COFER:

The appellant sued the appellees on a note for $240 dated July 6, 1874, and payable twelve months after date.

Except Johnson, they answered that they were merely sureties in the note, and that the appellant knew that fact, and that in August, 1876, he entered into an agreement with Johnson, the principal, by which Johnson agreed to let the plaintiff have in discharge of the note sued upon (or so much thereof as the hogs would come to) a lot of hogs owned by the defendant, Johnson, at $—— per hundred pounds, to be delivered to the plaintiff by Johnson the following fall, after having been fattened by said Johnson; and in consideration thereof the plaintiff undertook and agreed with Johnson, without their knowledge or consent, to forbear to collect or to attempt to collect the note until after the time for the delivery of the hogs.

To the second paragraph of the answer which contained this defense the appellant demurred; the demurrer was overruled, and a verdict and judgment having been rendered for the sureties this appeal is prosecuted to reverse the judgment.

It is contended that the court erred in overruling the demurrer to the second paragraph of the answer, and in instructing the jury. It is well settled that any valid agreement by which a creditor agrees to forbear to sue the principal for any appreciable time after the debt falls due, if made without the consent of those bound for the debt as sureties, and with a knowledge that they are mere sureties, will discharge them.

But it is contended that the agreement made by the appellant with Johnson was without consideration. If this be correct then of course he was not bound by the agreement, and might have proceeded to collect the debt at any time, notwithstanding his agreement not to

do so, until after the time for the delivery of the hogs. The agreement was that Johnson was to let him have the hogs at the market price, and there was no agreement to pay more than the amount due on the note. But the note was payable in money and the agreement set up was to pay it in hogs.

Part payment before the day or in a particular manner not provided for in the original agreement may amount to a satisfaction of the debt. (Chitty on Contracts, 1102), and a fortiori an agreement to forbear in consideration of an agreement to pay in hogs a debt due in money is also a valid agreement, and having made the agreement the appellant could not have maintained an action on the note until the time agreed upon for the delivery of the hogs had passed; and the answer, therefore, presented a defense to the action and the demurrer was properly overruled.

The instructions of the court conforming to these views and the judgment must be *affirmed.*

*C. N. & W. Buckles, for appellant.*

*Ross & Kennedy, for appellees.*